# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY K. ANDERSON,

    Plaintiff,

vs.

JAMES G. COX, *et al.*,

    Defendants.

Case No. 2:13-cv-02334-JCM-PAL

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.

**I.  *In Forma Pauperis* Application**

Before the court is plaintiff's application to proceed *in forma pauperis*. (ECF No. 1). Based on the information regarding plaintiff's financial status, the court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II.  Motion for Appointment of Counsel**

Plaintiff has filed a motion for the appointment of counsel. (ECF No. 2). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are

empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. *Id.*; *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of those factors is dispositive and both must be reviewed together in reaching a decision. *Terrell*, 935 F.3d at 1017. In the instant case, the court does not find exceptional circumstances that warrant the appointment of counsel. The motion for appointment of counsel is denied.

**III.  Screening Standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court

dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**IV. Screening of the Complaint**

Plaintiff has submitted a complaint in which he names the following defendants: James Cox, director of the Nevada Department of Corrections (NDOC); NDOC medical director Bannister; Brian Williams, warden of the Southern Desert Correctional Center (SDCC); Dr. Aranas Romeo; and the "entire med staff" at SDCC. (Complaint, at pp. 2-3). The first 16 pages of the complaint appear to concern plaintiff's medical condition and treatment. At page 35 of the complaint, plaintiff labels the top of the page "2nd half continuous" and names the following defendants: Brian Sandoval, Governor of Nevada; NDOC director Cox; Isidro Baca, warden of the Northern Nevada Correctional Center (NNCC); Brian Williams, warden of SDCC; and NDOC medical director Bannister. This portion of the complaint concerns plaintiff's allegations of "crimes against humanity/use of chemical and bio war-fare." (Complaint, at p. 36).

**A. Claim Regarding Medical Treatment**

Plaintiff alleges that he had an infected parotid gland for which he receive treatment in prison. Plaintiff contends that the treatment he received was lacking and inadequate. (Complaint, at pp. 3-16).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (stating that "deliberate indifference is a high legal standard"). A prisoner's claim of negligent or inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825,

834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  *Farmer v. Brennan*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence, or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.  Moreover, a difference of opinion between a physician and an inmate concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.  *Toguchi v. Chung*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).  In the instant case, plaintiff fails to state a claim because his allegations amount to a mere disagreement with the appropriate course of medical treatment.  Because this defect cannot be cured through amendment, the complaint is dismissed with prejudice.

### B. Claim Regarding Use of Chemical and Bio War-Fare

Plaintiff alleges that defendants have committed "crimes against humanity/use of chemical and bio war-fare." (Complaint, at p. 36).  Plaintiff's claim is untenable because it is based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, plaintiff's claim regarding "crimes against humanity/use of chemical and bio war-fare" is dismissed with prejudice as frivolous.

### V. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**.  The clerk of court **SHALL FILE** the complaint.  (ECF No. 1-1).  Plaintiff shall not be required to pay an initial installment fee.  Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996.  The movant herein is permitted to maintain this action to

1 | conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.
2 | This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at
3 | government expense.
4 |     **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the
5 | Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the
6 | clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits
7 | to the account of **Anthony K. Anderson, #1082999** (in months that the account exceeds $10.00)
8 | until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order
9 | to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of**
10 | **Prisons,** P.O. Box 7011, Carson City, NV 89702.
11 |     **IT IS FURTHER ORDERED** that, even though this action is being dismissed, the full
12 | filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation
13 | Reform Act of 1996.
14 |     **IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (ECF
15 | No. 2) is **DENIED.**
16 |     **IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** for
17 | failure to state a claim and as frivolous.
18 |     **IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT**
19 | accordingly.
20 |     **IT IS FURTHER ORDERED** that this court **CERTIFIES** that any *in forma pauperis*
21 | appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

    Dated May 14, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE